Gray v. St. Martins Press          CV-95-285-M    10/22/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert K. Gray,
        Plaintiff

v.                                              Civil No. 95-285-M

St. Martin's Press, Inc.
and Susan Trento,
        Defendants


### O R D E R

On September 30, 1997, the Magistrate Judge issued a written order, addressing several of the parties' non-dispositive discovery motions.  Among other things, he concluded that New Hampshire's law of privilege (rather than federal privilege law) governs this case.  Defendants then moved the undersigned to reverse that decision.  The court concluded, however, that defendants had failed to demonstrate that the Magistrate Judge's factual findings were clearly erroneous or that his legal conclusions were contrary to law (the court also concluded that defendants had waived certain arguments which were raised for the first time in their motion to reconsider).

Displeased with that result, defendants again ask the court to revisit this discovery issue.  For the reasons set forth below, defendants' motion is denied.


### Discussion

I.    Defendants' Motion is Untimely.

Defendants filed their motion to reconsider pursuant to Local Rule 7.2(d), which provides that: "A motion to reconsider an order of the court, other than a motion governed by Fed. R. Civ. P. 59 or 60, shall be filed within ten (10) days from the date of the order."  The court's order on which defendants seek reconsideration is dated June 2, 1998.  Their motion to reconsider was not filed until June 17, 1998.  It is, therefore, untimely.  See Fed. R. Civ. P. 6.


II.   Defendants' Motion Lacks Merit.

Even if the court were to address the merits of defendants' motion, it would deny it.  Reduced to simple form, defendants' argument is as follows:  (1) New York Times v. Sullivan, 376 U.S. 254 (1964), supplanted state libel law with a federal constitutional rule; (2) Federal Rule of Evidence 501 provides that state privilege law applies only in cases where state law supplies an element of a claim or defense; and, therefore (3) because a federal, rather than state, rule governs one of defendants' affirmative defenses (i.e., no actual malice), the federal common law of attorney-client privilege, rather than state law, should apply.


Despite having vigorously argued this discovery issue for over a year, defendants have not cited a single case directly supporting their position.  Given that this is a non-dispositive

2

issue (initially resolved over a year ago), and counsel has not pointed to any authority suggesting any clear error in the prior ruling, a different result would not seem to be warranted at this juncture.

In any event, a brief review of case law on point suggests that the weight of authority is contrary to the position advocated by defendants. For example, in his dissenting opinion in Herbert v. Lando, 441 U.S. 153 (1979), Justice Brennan observed:

> The instant case is brought under diversity jurisdiction, 28 U.S.C. § 1332(a), and Fed. R. Evid. 501 states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person . . . shall be determined in accordance with State law." Although New York Times Co. v. Sullivan, 376 U.S. 254 (1964), placed constitutional limits on state libel claims, it did not itself create a federal cause of action for libel. The "rule of decision" in this case, therefore, is defined by state law.

Id., at 182 (Brennan, J. dissenting) (emphasis supplied). So it is in this case, and this court has so held. Because New Hampshire's law of defamation provides the "rule of decision" in this defamation action, Rule 501 dictates that New Hampshire, rather than federal, rules of privilege apply. See Gray v. St. Martin's Press, No. 95-285-M, slip op. at 4 (D.N.H. June 2, 1998). See also Star Editorial, Inc. v. U.S. Dist. Court for the Cent. Dist. of California, 7 F.3d 856, 859 (9th Cir. 1993) ("This defamation action was brought by [plaintiff] against [defendant]

3

in California Superior Court.  Then, based on diversity of citizenship, it was removed to federal court.  State law will clearly provide the rule of decision.  Thus, it is clear that the existence and extent of the claimed privilege is controlled by California law.").

For the foregoing reasons, defendants' motion for reconsideration (document no. 138) is denied.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

October 22, 1998

cc:   James G. Walker, Esq.
      Mark D. Balzli, Esq.
      Cletus P. Lyman, Esq.
      William L. Chapman, Esq.
      John C. Lankenau, Esq.
      Steven M. Gordon, Esq.
      Seth L. Rosenberg, Esq.

4